**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **TRACEY SPRINGHORN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-1196-JTM-GEB** |
| | ) | |
| **PAUL ARMSTRONG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (ECF No. 4.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines the action: 1) is frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. Background[1]

Plaintiff has filed two cases with this Court in quick succession.[2] In the first case Plaintiff alleges the McConnell Air Force Base Childcare Center employees denied her equal access to her children.[3] Simultaneous with the filing of this recommendation, the undersigned recommends dismissal of that first-filed action, Case No. 16-1187-EFM-GEB.[4]

This action, the second filed, is against Plaintiff's ex-husband, Sergeant Paul Armstrong. Here, Plaintiff claims Armstrong used his position at the Air Force Base to deny Plaintiff access to her children in contravention of her civil rights under 28 U.S.C. § 1343 and 18 U.S.C. § 242.[5]

## II. Recommendation

### A. Subject-Matter Jurisdiction.

Federal courts are of limited jurisdiction and must have a statutory basis for their jurisdiction.[6] Plaintiff, as the party invoking federal jurisdiction, has the burden to allege facts demonstrating the presence of subject-matter jurisdiction.[7] However, courts also have an independent obligation to determine whether subject-matter jurisdiction exists.[8]

---

[1] The "Background" section is based upon the pleadings and should not be construed as judicial findings or factual determinations.
[2] Plaintiff has also filed another case with Mag. Judge Kenneth Gale which was recommended for dismissal. *Springhorn v. Straut*, No. 16-1191-JTM-KGG, 2016 WL 3387472 (D. Kan.).
[3] *Springhorn v. McConnell Air Force Base Child Center*, Case No. 16-1187-EFM-GEB.
[4] *Id*. at ECF No. 5.
[5] Compl., ECF No. 1.
[6] *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).
[7] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).
[8] *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 148 (10th Cir. 2006).

When a federal court concludes it lacks subject-matter jurisdiction, it must dismiss the action under Fed. R. Civ. P. 12(h)(3).[9]

Plaintiff alleges subject-matter jurisdiction under two federal statutes, 18 U.S.C. § 242 and 28 U.S.C. § 1343. Addressing first 18 U.S.C. § 242, the statute reads in relevant portion:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title or imprisoned not more than one year, or both . . .

However, this statute was enacted to impose *criminal sanctions* and does not create a private cause of action.[10] Consequently, Plaintiff is precluded from bringing criminal charges against defendant through a private lawsuit.[11]

Plaintiff also pleads jurisdiction under 28 U.S.C. § 1343 which confers jurisdiction on federal courts for:

> The deprivation under color of State law of any right or privilege secured by the United States Constitution or any Act of Congress providing for equal rights of citizens.

However, in order for jurisdiction to exist under this statute, Plaintiff must allege a violation of the Constitution or another federal law by a state actor.[12] Plaintiff has only pleaded 18 U.S.C. § 242, which as discussed above cannot be brought in a private law

---

[9] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006).
[10] *Kegerreis v. U.S.*, No. 03-2232-KHV, 2003 WL 22327188, at *2 (D. Kan. Oct. 9, 2003).
[11] *Houck v. Gurich*, 2013 WL 1800005, at *1 (10th Cir. April 30, 2013).
[12] *Woods v. Wadeson*, No. 6:14-cv-1079-EFM-KMH, 2014 WL 3740337, at *4 (D. Kan. July 30, 2014).

suit.[13] Parental rights, while important, are not one of the rights conferred under 28 U.S.C. § 1343.[14] Therefore, Plaintiff fails to plead a basis for this Court to assume subject-matter jurisdiction over her claim.

**B. Failure to State a Claim.**

Even if the lack of jurisdiction were not dispositive, Plaintiff has also not stated a viable claim for relief. Although, Plaintiff proceeds pro se and her pleadings must be liberally construed,[15] she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based.[16] The Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[17]

Under most circumstances, including the instant one, federal court is not the proper forum for the adjudication of parental custody issues or claims arising from a domestic order. Plaintiff's allegation of Defendant's misconduct through use of his official position at the Air Force Base is also factually insufficient. After thorough review of the Complaint, and being mindful that Plaintiff proceeds on a pro se basis, the Court concludes Plaintiff has not alleged "sufficient facts to state a claim which is plausible on its face."[18]

---

[13] Compl., ECF No. 1.
[14] *Woods*, 2014 WL 3740337, at *4.
[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[16] *Id*.
[17] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011).
[18] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be dismissed without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction and under 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[19]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 3rd day of August 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

[19] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).